**CARLSON LYNCH LLP**
Todd D. Carpenter (CA 234464)
Alyshia K. Lord (CA 306555)
1350 Columbia Street, Ste. 603
San Diego, California 92101
Telephone: 619.762.1910
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com
alord@carlsonlynch.com

*Attorneys for Plaintiff and
Proposed Class Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JACKIE FISHER, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

CHICO'S FAS, INC., a Florida
corporation, and DOES 1- 50, inclusive,

      Defendant.

Case No.   **'19 CV 856   DMS MSB**

<u>**CLASS ACTION**</u>

**COMPLAINT**

1. **Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200,** *et seq.*

2. **Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500,** *et seq.*

3. **Violations of California Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750,** *et seq.*

**[DEMAND FOR JURY TRIAL]**

COMPLAINT

Plaintiff JACKIE FISHER brings this action on behalf of himself and all others similarly situated against Defendant CHICO'S FAS, INC. ("Defendant" or "CHICO'S"), and states:

## I.    NATURE OF ACTION

1.    "If everyone is getting a deal, is anyone really getting a deal?"[1] This class action targets Chico's unlawful, unfair, and fraudulent business practice of advertising fictitious prices and corresponding phantom discounts on its Chico's "direct to outlet" branded/or trademarked lines of merchandise. This practice of false reference pricing occurs when a retailer fabricates a fake regular, original, and/or former reference price, and then offers an item for sale at a deep "discounted" price. The result is a sham price disparity that misleads consumers into believing they are receiving a good deal and induces them into making a purchase. Retailers drastically benefit from employing a false reference pricing scheme and experience increased sales.

2.    The California legislature and federal regulations prohibit this misleading practice. The law recognizes the reality that consumers often purchase merchandise marketed as being "on sale" purely because the proffered discount seemed too good to pass up. Accordingly, retailers have an incentive to lie to customers and advertise false sales. The resulting harm is tangible- the bargain hunter's expectations about the product he purchased is that it has a higher perceived value and he may not have purchased the product but for the false savings.

3.    Chicos' utilizes a false and misleading reference price in the marketing and selling of its Chico's "direct to outlet" merchandise sold at its outlet stores. Chico's advertises its merchandise for sale by attaching a price tag on the item that sets forth a fictitious, "reference price," and then employs large signage immediately next to the items for sale that states, " ___% Off," indicating the items are on sale for a designated "_____

---

[1] David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, New York Times, https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html, (March 6, 2016), last accessed April 28, 2017.

Off." *See e.g. Exhibit A*. The "___% Off" price, or sale price, is substantially discounted from the "reference" price. *See id*.

4.     However, the "reference" price is total fiction. The "direct to outlet" merchandise sold at Chico's outlet stores is created specifically for Chico's outlet stores[2]. Thus, the only market price for the Chico's direct to outlet store merchandise is the price at which the merchandise is sold in the Chico's outlet stores.

5.     The Chico's outlet store merchandise is *never* offered for sale, nor actually sold, at the represented "reference" price. Thus, the "reference" price is false and is used exclusively to induce consumers into believing that the merchandise was once sold at the "reference" price and from which the false and discount and corresponding sale price is derived. Chico's deceptive pricing scheme has the effect of tricking consumers into believing they are receiving a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its regular or original retail price.

6.     The advertised discounts are fictitious because the "reference" reference price does not represent a *bona fide* price at which Chico's previously sold a substantial quantity of the merchandise for a reasonable period of time as required by the Federal Trade Commission ("FTC"). In addition, the represented "reference" price was not the prevailing market retail price within the three months immediately preceding the publication of the advertised former "reference" price, as required by California law.

7.     Through its false and misleading marketing, advertising, and pricing scheme, Chico's violated and continues to violate California and federal law prohibiting advertising goods for sale as discounted from former prices that are false, and prohibiting misleading statements about the existence and amount of price reductions. Specifically, Chico's violated and continues to violate: California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL"); California's False Advertising Law,

---

[2] Upon information and belief, Chico's sells *some* merchandise that was originally offered for sale in its full line stores; that merchandise is not the subject of this action.

Business & Professions Code §§ 17500, *et seq.* (the "FAL"); the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

8.      Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more Chico's "direct to outlet" merchandise at Defendant's Chico's outlet store that were deceptively represented as discounted from false former "reference" prices. Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme.  Plaintiff also seeks to enjoin Chico's from using false and misleading misrepresentations regarding retail price comparisons in its labeling and advertising permanently. Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Chico's was unjustly enriched as a result of its sales of merchandise offered at a false discount.

9.      Finally Plaintiff seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## II.     JURISDICTION AND VENUE

10.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Chico's.

11.     The Southern District of California has personal jurisdiction over Chico's because Chico's is a corporation or other business entity authorized to conduct and does conduct business in the State of California. Chico's is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California,

and/or otherwise intentionally avails itself of the California market through the ownership and operation of its outlet store in California.

12.     Venue is proper under 28 U.S.C. § 1391 (b)(2) because Chico's transacts substantial business in this District.  A substantial part of the events giving rise to Plaintiff's claims arose here.

### III.   PARTIES

#### Plaintiff

13.     JACKIE FISHER resides in San Diego, California. Plaintiff was doing some last-minute Christmas shopping at the outlet mall when he entered Defendant's store. Plaintiff, in reliance on Chico's false and deceptive advertising, marketing and discounting pricing schemes, purchased two women's shirts at the Chico's outlet store located at 5001 Willows Road, Suite 308, Alpine, CA 91901, on December 22, 2018. Mr. Fisher examined several shirts and tops within the store. As he shopped, he noticed the accompanying in-store signage represented that the items he preferred were being offered for "50% Off." He examined the items and evaluated the price tags and the accompanying in-store signage. The first item, Deanna Shirttail Texas T, was advertised on the price tag as having a reference price of $29.97. The in-store signage represented that the shirt was "50% Off" the reference price. The second item, the Angela 3 quarter piece was advertised on the price tag as having a reference price of $27.47. The in-store signage represented that the piece was "50% Off" the reference price.

14.     After observing the price tags on the item and the accompanying signage, Mr. Fisher believed that he was receiving a significant discount on the items he had chosen. Because he liked the items and felt that the discounted price would likely not last, and that he was getting a significant bargain on the merchandise, he proceeded to the register and purchased the two shirts. Mr. Fisher believed that he was purchasing authentic Chico's merchandise that was previously available at the Chico's retail store or other department stores at the full reference price. He paid a total of $61.90.

15.     However, the products were never offered for sale at the reference price listed

on the price tags and certainly not within the 90 days preceding Mr. Fisher's purchases. Plaintiff was damaged in his purchase because Defendant's false reference price discounting scheme inflated the true market value of the items he purchased. Plaintiff is susceptible to this reoccurring harm because he cannot be certain that Chico's has corrected this deceptive pricing scheme and he desires to shop at Chico's in the future. Plaintiff does not have the resources on his own to determine whether Defendant is complying with California and Federal law with respect to its retail pricing practices.

**Defendant**

16.   Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Chico's is a Florida corporation with its principal executive offices located at 11215 Metro Parkway, Ft. Myers, Florida 33966. Chico's maintains the Chico's brand, a line of women's clothing, jewelry, accessories, and more. Chico's operates Chico's retail and outlet stores and the Chicos.com website, and advertises, markets, and sells its merchandise in California and throughout the United States.

17.   Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

IV.   **FACTUAL BACKGROUND**

**The Fraudulent Sale Discounting Scheme**

18.   Chico's is a women's clothing store with over 600 Chico's boutiques nationwide. Chico's specializes in the sale of women's clothing, shoes, jewelry, accessories, and more.  Chico's directly markets its merchandise to consumers in the State of California and throughout the United States via its in-store advertisements and its e-commerce website (www.Chicos.com). Chico's sells its own branded merchandise at its retail stores, outlet

stores, and through its e-commerce website. This case involves only the Chico's "direct to outlet" branded merchandise sold at Chico's outlet stores.

19.     The Chico's "direct to outlet," merchandise sold in the Chico's outlet stores is exclusively sold at the Chico's outlet stores and it is not sold anywhere else. Thus, there is no other market for the Chico's outlet store merchandise other than at Defendant's Chico's outlet stores.

20.     Chico engages in a scheme to defraud its customers by perpetually discounting its merchandise in its outlet stores. Chico consistently advertises its merchandise with a false reference price and corresponding sale price immediately next to the item that states, "___% Off." The reference price conveys to the customer the purported regular, or original, price of the item. The "___% Off" sale price conveys to the customer a deeply discounted price at which the item is presently being offered for sale. The "reference" price is conveyed to the consumer on the price tag attached to the item while the "___% Off," or sale price, is advertised by large, colorful signage placed immediately next to the item. *See e.g. Exhibit A.*

21.     However, at no time is the Chico's outlet store merchandise ever offered for sale anywhere at the original price. The "reference" price is merely a false original price, which Chico's utilizes to deceptively manufacture a deeply discounted sale price referred to as the "___% Off" price on the merchandise sold at the Chico's outlet retail stores during the Class period. Chico's uses the false reference price to create the impression of significant value to the consumer. Value that has never been manifested in a market-based price.  The discount is illusory – the market price of the items sold is artificially inflated due to the perception of a discount. Plaintiff is owed the difference between the artificially inflated price and the true market price of the item.

22.     This practice is not accidental. Rather, this practice is a fraudulent scheme intended to deceive consumers into: 1) making purchases they otherwise would not have made; and/or 2) paying substantially more for merchandise consumers believed was heavily discounted and thus, worth more than its actual value.

23. Retailers, including Chico's, understand that consumers are susceptible to a good bargain, and therefore, Chico's has a substantial interest in lying in order to generate sales. A product's "reference" price matters to consumers because it serves as a baseline upon which consumers perceive a product's value. In this case, Chico's has marked its merchandise with an original or false reference price which conveys to consumers, including to Plaintiff, "the product's worth and the prestige that ownership of the product conveys." *See Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1106 (9th Cir. 2013) (citing Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."); *id*. at 56 ("[E]mpirical studies indicate that as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases.").

24. Chico's pricing advertisements uniformly include both the false reference price on the price tag attached to the item with a corresponding placard, or sign, placed next to the item that reads, "___% Off." This uniform scheme intends to and does provide misinformation to the customer. This misinformation communicates to consumers, including Plaintiff, that the Chico's products have a greater value than the advertised discounted price.

25. As the Ninth Circuit recognizes, "[m]isinformation about a product's 'normal' price is…significant to many consumers in the same way as a false product label would be." *See Hinojos*, 718 F.3d at 1106.

**Plaintiff's Investigation**

26. Plaintiff's investigation of Chico's revealed that Chico's direct to outlet store merchandise is priced uniformly. That is, Chico's merchandise sold at Chico's outlet stores bears a price tag with a false reference price and a substantially discounted "___% Off" sale price. Plaintiff's counsel's investigation confirmed that the merchandise purchased by Mr. Fisher was priced with a false reference price and a corresponding discounted price for at

least the 90-day period immediately preceding Plaintiff's purchase.

27.   Plaintiff's investigation cataloged the pricing practices of the Chico's outlet store located at the Viejas Outlet Center, 5001 Willows Road, Suite 308, Alpine, CA 91901 ("Alpine"), for several months before and after Mr. Fisher's purchase. The false reference price and corresponding discount price scheme was both uniform and identical on almost all of the merchandise sold at Chico's outlet store. The only thing that changed was the requisite % Off on certain merchandise items.

28.   The fraudulent pricing scheme applies to all Chico's "direct to outlet" store merchandise offered on sale at the Chico's outlet store, including the two shirts purchased by Plaintiff.

### Plaintiff and the Class are Injured by Chico's Deceptive Pricing Scheme

29.   The reference prices listed and advertised on Chico's "direct to outlet" store products are fake reference prices, utilized only to perpetuate Chico's fake discount scheme.

30.   Chico's knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California and federal law.

31.   Chico's fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about its advertised discount prices and former reference prices.

32.   At all relevant times, Chico's has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

33.   Plaintiff relied upon Chico's artificially inflated "reference" price and false discounts when purchasing the two women's shirts from Chico's. Plaintiff would not have made such purchase but for Chico's representations regarding the false "reference" price and the fictitious sales price of the merchandise. Plaintiff may in the future shop at Chico's outlet stores.

34.   Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Chico's advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was.

Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Chico's carried out.

35.     Chico's intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Class to purchase merchandise in its Chico's outlet stores.

**V.     CLASS ALLEGATIONS**

36.     Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Chico's for violations of California state laws:

> All persons, within the State of California, from May 7, 2015 through the present (the "Class Period"), who purchased from Chico's outlet stores one or more "direct to outlet" products at discounts from the advertised "reference" price and who have not received a refund or credit for their purchase(s).

Excluded from the Class are Chico's, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Chico's.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

37.     ***Numerosity***: The class members are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Chico's conduct as alleged herein.  The precise number of Class members is unknown to Plaintiff.

38.     ***Existence and Predominance of Common Questions of Law and Fact***:  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

    **a.**    Whether, during the Class Period, Chico's used false "reference" price labels and falsely advertised price discounts on its Chico's direct to outlet branded products sold in its retail outlet stores;

    **b.**    Whether, during the Class Period, the "reference" prices advertised by Chico's were the prevailing market prices for the respective Chico's direct to outlet store merchandise during the three months preceding the dissemination and/or publication of the advertised former prices;

    **c.**    Whether Chico's alleged conduct constitutes violations of the laws asserted;

    **d.**    Whether Chico's engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;

    **e.**    Whether Chico's engaged in false or misleading advertising;

    **f.**    Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

    **g.**    Whether an injunction is necessary to prevent Chico's from continuing to use false, misleading or illegal price comparison.

39.    ***Typicality***:  Plaintiff's claims are typical of the claims of the Class members because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Chico's false and deceptive price advertising scheme, as alleged herein.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class members.

40.    ***Adequacy***:  Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

41.    ***Superiority***: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively

modest compared to the burden and expense that would be entailed by individual litigation of their claims against Chico's. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Chico's will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

42.    All Class members, including Plaintiff, were exposed to one or more of Chico's misrepresentations or omissions of material fact claiming that former "reference" advertised prices were in existence. Due to the scope and extent of Chico's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Chico's false advertising scheme when purchasing Chico's outlet merchandise at Chico's retail outlet store.

43.    Chico's keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and general marketing programs. Chico's has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

# VI.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**California Business and Professions Code § 17200, *et seq.***

44.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

45.    The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading"

advertising.  Cal. Bus. Prof. Code § 17200.

46.     The UCL imposes strict liability.   Plaintiff need not prove that Chico's intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

*"Unfair" Prong*

47.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

48.     Chico's actions constitute "unfair" business practices because, as alleged above, Chico's engaged in misleading and deceptive price comparison advertising that represented false "reference" prices and corresponding deeply discounted prices. The discounted prices were nothing more than fabricated "reference" prices leading to phantom markdowns. Chico's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

49.     The harm to Plaintiff and Class members outweighs the utility of Chico's practices. There were reasonably available alternatives to further Chico's legitimate business interests other than the misleading and deceptive conduct described herein.

*"Fraudulent" Prong*

50.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

51.     Chico's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public. Plaintiff relied on Chico's fraudulent and deceptive representations regarding its "reference" prices for the direct to outlet products which Chico's sells exclusively at its Chico's outlet stores. These misrepresentations played a substantial role in Plaintiff's decision to purchase those products at steep discounts, and Plaintiff would not

have purchased those products without Chico's misrepresentations.

52.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

**"Unlawful" Prong**

53.     Chico's acts and practices alleged above constitute unlawful business acts or practices as they have violated state and federal law in connection with their deceptive pricing scheme. The Federal Trade Commission's Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements. 15 U.S.C. § 52(a). Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Chico's, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious – **_for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one_**; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.
>
> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

54.     In addition to federal law, California law also expressly prohibits false former pricing schemes.  California's False Advertising Law, Bus. & Prof. Code §17501, ("FAL"),

entitled "*Worth or value; statements as to former price,*" states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> ***No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement*** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501 (emphasis added).

55.    As detailed in Plaintiff's Third Cause of Action below, the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), ("CLRA"), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

56.    The violation of any law constitutes an "unlawful" business practice under the UCL.

57.    As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

58.    Chico's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Chico's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

59.    Chico's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "reference" prices and substantially discounted sale prices. These false comparisons created phantom markdowns and lead to financial damage for consumers like

Plaintiff and the Class.

60.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Chico's to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Chico's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of California's False Advertising Law ("FAL")
### California Business & Professions Code § 17500, *et seq.*

61.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

62.     Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

(Emphasis added).

63.     The "intent" required by Section17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

64.     Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."  Cal Bus. & Prof. Code § 17501.

65.     Chico's routine of advertising discounted prices from false "reference" prices, which were never the prevailing market prices of those direct to outlet products and were materially greater than the true prevailing prices, was an unfair, untrue, and misleading

practice.  This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were; therefore, leading to the false impression that the "direct to outlet" products sold on at the Chico's outlet store were worth more than they actually were.

66.    Chico's misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code alleged above.

67.    As a direct and proximate result of Chico's misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money.  As such, Plaintiff requests that this Court order Chico's to restore this money to Plaintiff and all Class members, and to enjoin Chico's from continuing these unfair practices in violation of the UCL in the future.  Otherwise, Plaintiff, Class members, and the broader general public, will be irreparably harmed and/or denied an effective and complete remedy.

### THIRD CAUSE OF ACTION
**Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq*.**

68.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

69.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d). Chico's sale of its "direct to outlet" merchandise in its retail outlet store to Plaintiff and the Class were "transactions" within the meaning of Cal. Civ. Code § 1761(e).  The products purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

70.    Chico's violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of its merchandise:

    **a.** Advertising goods or services with intent not to sell them as advertised; (a)(9);

**b.** Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; (a)(13).

71.     Pursuant to § 1782(a) of the CLRA, on May 7, 2019, Plaintiff's counsel notified Chico's in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Chico's intent to act. If Chico's fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Chico's.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

## VII.   PRAYER FOR RELIEF

72.     Wherefore, Plaintiff, on behalf of himself and on behalf of the other members of the Class, requests that this Court award relief against Chico's as follows:

**a.** An order certifying the class and designating Jackie Fisher as the Class Representative and his counsel as Class Counsel;

**b.** Awarding Plaintiff and the proposed Class members damages;

**c.** Awarding restitution and disgorgement of all profits and unjust enrichment that Chico's obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

**d.** Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Chico's from continuing the unlawful practices as set forth herein, and directing Chico's to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

**e.** Order Chico's to engage in a corrective advertising campaign;

**f.** Awarding attorneys' fees and costs; and

17
COMPLAINT

g.    For such other and further relief as the Court may deem necessary or appropriate.

## VIII.  DEMAND FOR JURY TRIAL

73.    Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated: May 7, 2019                                    **CARLSON LYNCH LLP**

_/s/ Todd D. Carpenter_
Todd D. Carpenter (CA 234464)
1350 Columbia Street, Ste. 603
San Diego, California 92101
Telephone: (619) 762-1910
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

_Attorneys for Plaintiff_